# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **CHARLES A. TREECE** | **NO. 2:08-cv-1486, SECTION "P"** |
| **VERSUS** | **JUDGE MINALDI** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is petitioner Charles A. Treece's *pro se* Application for Writ of *Habeas Corpus* (28 U.S.C. § 2241) filed on October 2, 2008. Petitioner, an inmate in the custody of the Louisiana Department of Corrections (LDOC), is confined at the Allen Correctional Center (ACC) in Kinder, Louisiana. He names the State of Louisiana as the defendant herein.

This matter has been referred to the undersigned for review, report and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner brings this action contesting the Social Security Administration's decision to withhold his social security benefits due to his incarceration. This is not the first suit filed by petitioner concerning this matter. In fact, there are at least six other suits in which Mr. Treece attempts to advance Social Security claims.[1]

---

[1]These are *Treece v. Andrews, Et Al.,* 2:03-cv-1151 (Western District of Louisiana); *Treece v. Andrews, Et Al.,* 2:03-cv-1793 (Eastern District of Louisiana) transferred to the Western District of Louisiana and styled, *Treece v. Andrews,* 2:03-cv-1370 (Western District of Louisiana) which was later dismissed as duplicative of *Treece v. Andrews, Et Al.,* 2:03-cv-1151; *Treece v. Warden Allen Correctional Center,* 5:04-cv-1742 (Western District of

In *Treece v. Louisiana Department of Corrections, Et Al.,* 2:05-cv-2781 (Eastern District of Louisiana), plaintiff pursued virtually the identical claims via an Application for Writ of *Habeas Corpus* brought pursuant to 28 U.S.C. § 1651. That case was analyzed by the Eastern District of Louisiana as a § 2254 petition. 2:05-cv-2781, Doc. 8, at 2. There, the court noted that petitioner had filed a number of prior *habeas* petitions under § 2254 related to the same conviction and sentence, including a similar challenge to the suspension of his social security benefits. *Id.* To the extent that petitioner was challenging his state court sentence, the court found that the petition was second or successive and transferred the case to the Fifth Circuit for that court to determine if the petitioner was authorized under 28 U.S.C. § 2244(b) to file the petition. *Id.* at 2-3.

With respect to petitioner's challenge to suspension of his social security benefits, the Eastern District noted that such claims were not cognizable through a habeas petition but rather through an action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security. *Id.* at 3. These claims were dismissed without prejudice for lack of jurisdiction but it was noted that even if petitioner pursued recourse under the proper statute, he was unlikely to succeed as many courts had considered and rejected nearly identical challenges. *Id.* n.1

In denying petitioner's request for relief, the Fifth Circuit noted (as did the Eastern District) that petitioner's challenge to the Social Security Administration's decision to withhold his social security benefits based on his incarceration was not cognizable in an application for

Louisiana) transferred to the Eastern District of Louisiana and styled, *Treece v. Andrews, Et Al.,* 2:05-cv-248 (Eastern District of Louisiana); *Treece v. Wilson, Et Al.,* 2:05-cv-799 (Northern District of Alabama) transferred from the Eastern District of Louisiana, case number 2:05-cv-685; *Treece v. Louisiana Department of Corrections, Et*

habeas corpus. 2:05-cv-2781, Doc. 11, at 2. The court further stated that to the extent that

petitioner's claims constituted a challenge to his conviction and sentence, that he failed to make

the necessary showing to obtain authorization to file a successive § 2254. *Id.*

In addition to prior habeas petitions, petitioner has also unsuccessfully raised this issue

under 42 U.S.C. § 1983. In *Treece v. Wilson, et al,* 2:05-cv-799 (Northern District of Alabama)

(transferred from the Eastern District of Louisiana, 2:05-cv-685), the court stated that petitioner's

challenge failed to state a claim for which relief could be granted as 42 U.S.C. § 402(x)(1)

allowed the Social Security Administration to suspend benefits to convicted felons serving time

in prison. 2:05-cv-799, Doc. 10, at 5-11. The court further noted that the suspension of benefits

was a consequence of incarceration and that petitioner had no legal entitlement to Social Security

benefits while incarcerated. *Id.*

The Eleventh Circuit affirmed the district court's decision, stating in its unpublished

opinion: "[S]uspension of Social Security benefits during incarceration constitutes neither

punishment nor an excessive fine. . . . Therefore, § 402(x) violates neither the Eighth

Amendment nor the Double Jeopardy Clause. . . . [T]he suspension constitutes neither a 'taking'

without just compensation under the Fifth Amendment nor an unlawful seizer under the Fourth

Amendment." 2:05-cv-799, Doc. 27, at 7.

Despite the above rulings, petitioner filed another action in the Northern District of

Alabama, again challenging the withholding of social security benefits. That action, *Treece v.*

*Social Security Administration Commissioner, Et Al.,* 2:07-cv-2028 (Northern District of

Alabama) was brought pursuant to 42 U.S.C. § 402(x), and was dismissed for failure to state a

---

*Al.,* 2:05-cv-2781 (Eastern District of Louisiana) and *Treece v. Social Security Administration, Et Al.,*2:07-cv-2028

claim upon which relief could be granted.  2:07-cv-2028, Doc.  3.  The court noted that

petitioner was raising the same claim as brought in 2:05-cv-799, and that the claims were

foreclosed by the appeal brought in 2:05-cv-799.  *Id.*  Finding that petitioner's appeal was

frivolous, the Eleventh Circuit dismissed petitioner's appeal of the district court's ruling.  2:07-

cv-2028, Doc. 13.

## LAW AND ANALYSIS

The issues presented in the instant action have been repeatedly raised by petitioner and

rejected by this and other courts.  While petitioner might style the matters slightly different from

earlier actions, they are the same claims.  As previously discussed, the United States Court of

Appeals for the Fifth Circuit has specifically held that the claims advanced by petitioner herein

are not cognizable in an application for habeas corpus.  Nevertheless, petitioner again attempts to

challenge the withholding of social security benefits in yet another habeas suit.

Additionally petitioner has been told repeatedly by this and other courts that he has no

legal entitlement to Social Security benefits while incarcerated.  This result is the same

regardless of the manner in which he styles his actions.  Accordingly, the court finds that

petitioner's repeated attempts to advance the same claims have reached the level of abusive

litigation.[2]

Thus, the court recommends that sanctions be imposed upon the defendant by entry of an

order containing the following or similar language:

Unless otherwise authorized by a U.S. District Judge or Magistrate

_____

(Northern District of Alabama).

    [2] It should be noted that, on October 26, 2006, the Fifth Circuit barred petitioner from proceeding IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger or serious physical injury.  *Treece v. Otis Kent Andrews, Warden Allen Correctional Center,* 2:05-cv-80.

Judge, the Clerk of Court for the Western District of Louisiana shall not accept for filing ANY motions, pleadings, or other documents submitted by Charles A. Treece related to the subject of social security benefits while imprisoned, regardless of what those pleadings or motions may be entitled.

Accordingly,

**IT IS RECOMMENDED** that petitioner's petition be dismissed with prejudice for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that an order containing the following or similar language be issued:

Unless otherwise authorized by a U.S. District Judge or Magistrate Judge, the Clerk of Court for the Western District of Louisiana shall not accept for filing ANY motions, pleadings, or other documents submitted by Charles A. Treece related to the subject of social security benefits while imprisoned, regardless of what those pleadings or motions may be entitled.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Servs. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 5th day of

December, 2008.

                                              _____

                                                 KATHLEEN KAY
                        UNITED STATES MAGISTRATE JUDGE